1  DWIGHT F. RITTER, ESQ.  (STATE BAR #12▮30)
2  KAREN ALBENCE, ESQ. (STATE BAR #241719)
   RITTER & ASSOCIATES
3  2550 FIFTH AVENUE
   SAN DIEGO, CA  92103
4  (619) 296-0123

5  Attorney for Plaintiff
   CHARLES SMALL

6

FILED

09 APR 30 PM 12: 09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

7

8

9              UNITED STATES DISCTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11
   CHARLES SMALL,                ) Case No.
12                               )
        Plaintiff,               ) '09 CV  913 JM    POR
13                               )
   v.                            ) COMPLAINT AND PLAINTIFF'S
14                               ) DEMAND FOR JURY TRIAL FOR
                                 ) PERSONAL INJURIES BASED ON:
15 MATTHEW MARTEL, as an         )
   individual, and as the        ) 1. VIOLATION OF CIVIL RIGHTS
16 Warden from the California     ) PURSUANT TO 42 U.S. CODE §1983
   Rehabilitation Center;        ) ET. SEQ.;
17 GUILLERMINA HALL MURRAY, as    ) 2. FALSE IMPRISONMENT;
   an individual, and as the     ) 3. NEGLIGENCE.
18 Warden from the California     )
   Rehabilitation Center;        )
19 SHERIFF WILLIAM KOLENDER, as   )
   an individual, and on behalf   )
20 of THE GEORGE BAILEY          )
   DETENTION FACILITY; BONNIE    )
21 DUMANIS, as an individual,     )
   and DOES 1-50,                )
22                               )
        Defendants.             )
23 _____

24      Comes now plaintiff, CHARLES SMALL, and for his causes of

25 action against defendants, and each of them, complains and

26 alleges as follows:

27                    GENERAL ALLEGATIONS

28      1.  All of the facts and circumstances alleged within this

   complaint occurred within the State of California or under

   _____
   COMPLAINT
                              1

circumstances such that the above-captioned District Court has
jurisdiction.

2.  Plaintiff, CHARLES SMALL, at all times mentioned herein
was a resident of the State of California, and within the
jurisdiction of this court.

3.  The true names and capacities, whether individual,
corporate, associate or otherwise of defendants, DOES 1-50,
inclusive, are unknown to plaintiff, who therefore sues said
defendants by such fictitious names.

4.  Plaintiff is informed and believes and alleges that each
of the defendants designated as a DOE is responsible in some
manner for the alleged events and happenings that caused injuries
and damages to the plaintiff, and each of them.

5.  Plaintiff is informed and believes and alleges that at
all times herein mentioned each of the defendants was the agent
and employee of each of the remaining defendants and was at all
mentioned times acting within the scope of such agency and
employment.

6.  Plaintiff is informed and believes and alleges that each
fictitiously named defendant and each defendant sued or served as
a business entity or public entity was at all noted times herein
duly organized and licensed under one of the laws of the States
of the United States and the State of California and doing
business in the State of California as required for jurisdiction
of this Court.

7.  At all mentioned times, defendants MATTHEW MARTEL,
GUILLERMINA HALL MURRAY, SHERIFF WILLIAM KOLENDER, and BONNIE
DUMANIS, and DOES 1-50 were and still are residents of the State

COMPLAINT

2

of California.

8.   Defendant MATTHEW MARTEL is the Warden from California Rehabilitation Center from March of 2008 to today's date, GUILLERMINA HALL MURRAY was the Warden from California Rehabilitation Center during 2007 and up to March of 2008, SHERIFF WILLIAM KOLENDER was and still is the head of and in a supervisory position at THE GEORGE BAILEY DETENTION CENTER, and BONNIE DUMANIS was and is currently the District Attorney for San Diego.

9.   Defendant entities and DOES 1-50, and each of them, were created and are existing by virtue of the laws of the State of California and have their principal place of business in the State of California.  Said defendants are doing business in the State of California and are therefore subject to the jurisdiction of this court pursuant to California law and may be served pursuant to law.

10.   Plaintiff is informed and believe and allege that at all mentioned times the events where the incidents occurred was under the supervision, direction, control, of all named defendants, and DOE defendants, and each of them, and that each defendant was operating within the course and scope of their employment within the State of California.

11.  On or about February 5, 2007, plaintiff CHARLES SMALL, who was detained at the California Rehabilitation Center, was to be released by defendants on the following day of February 6, 2007 but was detained by defendants for an additional 45 days longer for an evaluation. The petition for detainment occurred while CHARLES SMALL was still in the custody of defendants.  The

COMPLAINT

detainment ended on March 25, 2007, which is the date CHARLES

SMALL was to be released by defendants. However, the District

Attorney, defendant BONNIE DUMANIS, untimely and improperly filed

a petition on March 26, 2007, one day after SMALL could be

legally detained by defendants. CHARLES SMALL was still

improperly and unlawfully detained by defendants after March 25,

2007 and subsequently transferred and unconstitutionally

imprisoned at the George Bailey Detention Facility. CHARLES SMALL

was not released by defendants until March 10, 2008 and was thus

unconstitutionally imprisoned by the California Rehabilitation

Center and the George Bailey Detention Center for 349 days.

## FIRST CAUSE OF ACTION

### (Violation of Civil Rights)

12.   Plaintiff realleges and incorporates by reference each

and every allegation contained in paragraphs 1 through 11,

above.

13.   This cause of action arises under the United States

Constitution, particularly under the provisions of the Fourth,

Fifth, Eighth, and Fourteenth Amendments to the Constitution of

the United States, under federal law, particularly Title 42 of

the United States Code, Section 1983.

14.   During all times mentioned in this complaint,

defendants MATTHEW MARTEL, as an  individual, and as the Warden

from California Rehabilitation Center, GUILLERMINA HALL MURRAY,

as an  individual, and as the Warden from California

Rehabilitation Center, SHERIFF WILLIAM KOLENDER, as an

individual and on behalf of THE GEORGE BAILEY DETENTION CENTER,

COMPLAINT

4

and BONNIE DUMANIS, as the District Attorney acting in her

individual and official capacities, and DOES 1-50, having

influence, power, and responsibilities for the California

Rehabilitation Center, the George Bailey Detention Center, and

the Office of the District Attorney.  The true names of

defendants DOES 1 through 50 are presently unknown to plaintiff.

Plaintiff seeks leave of court to substitute names of other

defendants for DOE defendants when that knowledge becomes

available to plaintiff.

15.  During all times mentioned in this complaint, the

defendants and DOES 1-50, inclusive, were acting under color of

law, namely the color of the State of California Constitution,

statutes, laws, rules, regulations, customs and uses.

16.  During all times mentioned in this complaint, the

defendants and DOES 1-50, inclusive, and each of them,

separately and in concert engaged in acts and omissions which

constituted deprivation of the federal Constitutional rights,

privileges and immunities of the plaintiff, and while these acts

were carried out under color of law, they had no justification

or excuse in law.

17.  Defendants and DOES 1-50, inclusive, and each of them,

at all times relevant to this action were empowered with the

obligation and the duty to not violate the law and the federal

rights of the plaintiff.  Said defendants, and each of them,

with deliberate indifference, failed to perform that duty, and

thereby became a party to injury inflicted upon plaintiff.

18.  Acting under color of law, the defendants, and DOES 1-

50, and each of them, acted by (1) improperly, unreasonably, and

falsely imprisoning a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities; (2) conspiring to violate the rights, privileges and immunities guaranteed to plaintiffs by the Constitution of the United States; and (3) otherwise depriving plaintiff CHARLES SMALL of his Constitutional rights. As a proximate result of this knowing and deliberately indifferent conduct of defendants and DOES 1-50, plaintiff's Constitutional rights were violated.

19. On January 24, 2008, the California Court of Appeals, 4th District, ruled that CHARLES SMALL was not lawfully being held by the defendants, and DOES 1-50, and defendants failed to show that their delay in filing the petition against CHARLES SMALL resulted in good faith mistake of law or fact. CHARLES SMALL lawfully should have been released on March 25, 2007, but defendants, and DOES 1-50, instead unlawfully imprisoned CHARLES SMALL until March 10, 2008. As a result of the said wrongful conduct of the defendants, and DOES 1-50, specifically defendants MATTHEW MARTEL, as an individual, and as the Warden from California Rehabilitation Center, GUILLERMINA HALL MURRAY, as an individual, and as the Warden from California Rehabilitation Center, and defendant District Attorney BONNIE DUMANIS, and defendant SHERIFF WILLIAM KOLENDER, and each of them, plaintiff CHARLES SMALL was wrongfully detained and wrongfully imprisoned for approximately 349 days.

20. In the manner described above, each of the defendants, jointly and severally, in their official capacity and individually, violated the rights of plaintiff CHARLES SMALL secured by the Constitution of the United States to every

---

COMPLAINT

citizen to:

(a)  Be secure in his person and effects against unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

(b)  Not to be deprived of life, liberty or property without due process of the law, and to not be denied the equal protection of the law, secured by the Fifth and Fourteenth Amendments to the United States Constitution; and

(c)  Be free from cruel and unusual punishment secured by the Eighth and Fourteenth Amendments to the Constitution of the United States.

21.  The acts, conduct and behavior of the defendants and DOES 1-50, inclusive, were performed knowingly, willfully, intentionally, oppressively, and maliciously with conscious disregard of the rights and safety of plaintiff CHARLES SMALL by reason of which plaintiff is entitled to an award of punitive damages against defendants.

### SECOND CAUSE OF ACTION

### (False Imprisonment)

22.  Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 21 of the First Cause of Action as if fully plead here.

23.  The true names and capacities, whether individual, corporate, public, associate or otherwise of defendants, Does 1 through 50, inclusive, are unknown to plaintiff, and each of them, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and alleges that each of the

COMPLAINT

7

defendants herein designated as a DOE is responsible in some

manner for the alleged events and happenings that caused injuries

and damages to the plaintiffs, and each of them.

24. On January 24, 2008, the California Court of Appeals,

4th District, ruled that CHARLES SMALL was not lawfully being held

by the defendants and DOES 1-50, and defendants failed to show

that their delay in filing the petition against CHARLES SMALL

resulted in good faith mistake of law or fact.  CHARLES SMALL

lawfully should have been released on March 25, 2007, but

defendants and DOES 1-50, instead unlawfully imprisoned CHARLES

SMALL until March 10, 2008.  As a result of the said wrongful

conduct of the defendants, and DOES 1-50, specifically defendants

MATTHEW MARTEL, as an individual, and as the Warden from

California Rehabilitation Center, GUILLERMINA HALL MURRAY, as an

individual, and as the Warden from California Rehabilitation

Center, and defendant District Attorney BONNIE DUMANIS, and

defendant SHERIFF WILLIAM KOLENDER, and each of them, plaintiff

CHARLES SMALL was wrongfully detained and wrongfully imprisoned

for approximately 349 days.

25.  As a further result of the wrongful conduct of the

defendants, MATTHEW MARTEL, as an  individual, and as the Warden

from California Rehabilitation Center, GUILLERMINA HALL MURRAY,

as an  individual, and as the Warden from California

Rehabilitation Center, and DOES 1-50, and each of them,

plaintiff was prevented from continuing employment in the same

capacity from being wrongfully detained and wrongfully

imprisoned, which thus resulted in lost earnings and decreased

work performance in an economic amount which plaintiff will

COMPLAINT

present according to proof at trial.

### THIRD CAUSE OF ACTION

### (Negligence)

26. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff believes and asserts that defendants, MATTHEW MARTEL, as an individual, and as the Warden from California Rehabilitation Center, GUILLERMINA HALL MURRAY, as an individual, and as the Warden from California Rehabilitation Center including DOES 1-50, had a duty to act in a reasonable manner and not wrongfully imprison persons, including CHARLES SMALL, on an improper petition that unconstitutionally imprisoned CHARLES SMALL and violated plaintiff CHARLES SMALL'S constitutional rights.

28. As a result of the said wrongful conduct of the defendants, and each of them, plaintiff CHARLES SMALL was still wrongfully detained and wrongfully imprisoned for approximately 349 days.

29. As a further result of the wrongful conduct of the defendants, and each of them, plaintiff was prevented from continuing employment in the same capacity from being wrongfully arrested, wrongfully detained, and wrongfully imprisoned, which thus resulted in lost earnings and decreased work performance in an economic amount which plaintiff will present according to proof at trial.

COMPLAINT

### PRAYER FOR DAMAGES

(Applicable to each cause of action for damages)

Plaintiff prays for judgment against defendants, and each of them, individually, and jointly and severally, as follows:

1.   For general damages according to proof at time of trial;

2.   For special damages, according to proof at time of trial;

3.   For attorneys fees in an amount to be determined subsequent to trial (42 U.S.C. section 1988);

4.   As against only the individual defendants, for punitive damages in an amount which this Court shall consider to be just and proper;

5.   For costs of suit and for such other relief that the Court deems just and proper.


DATED:   4/30/09                    RITTER & ASSOCIATES


                                    By: _____
                                    DWIGHT F. RITTER, ESQ.
                                    KAREN ALBENCE, ESQ.
                                    Attorneys for Plaintiff
                                    CHARLES SMALL

---
COMPLAINT

10

**CIVIL COVER SHEET**

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)



FILED

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles Small | "See Attachment" |
| | 09 APR 30 PM 12: 08 |
| **(b)** County of Residence of First Listed Plaintiff  San Diego | County of Residence of First Listed Defendant  Riverside County |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) SOUTHERN DISTRICT OF CALIFORNIA |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorney (If Known)  BY:                    DEPUTY |
| Ritter & Associates 2550 Fifth Ave., 9th Fl. San Diego, CA 92103 | '09 CV  913 JM    POR |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983
Brief description of cause:
Violation of civil rights including false imprisonment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):  JUDGE                    DOCKET NUMBER

DATE
04/30/2009

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 000 274   AMOUNT 350   APPLYING IFP        JUDGE        MAG. JUDGE

4/30/09

"Attachment"

MATTHEW MARTEL, as an individual, and as the Warden from the California Rehabilitation Center; GUILLERMINA HALL MURRAY, as an individual, and as the Warden from the California Rehabilitation Center; SHERIFF WILLIAM KOLENDER, as an individual, and on behalf of THE GEORGE BAILEY DETENTION FACILITY; BONNIE DUMANIS, as an individual, and DOES 1-50.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS000274
Cashier ID: sramirez
Transaction Date: 04/30/2009
Payer Name: DWIGHT RITTER
------------------------------------
CIVIL FILING FEE
 For: SMALL V. MARTEL, ET AL
 Case/Party: D-CAS-3-09-CV-000913-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 6764
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


 There will be a fee of $45.00
 charged for any returned check.
```